UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ANTHONY CALLENDER,<br><br>            Plaintiff,<br><br>    v.<br><br>GHILLARDUCI , ET AL.,<br><br>            Defendants. | Case No.   1:23-cv-01208-NODJ-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO REQUIRE THAT PLAINTIFF PAY THE $405.00 FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff Vincent Anthony Callender is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. (ECF No. 1). On August 14, 2023, Plaintiff filed an application to proceed *in forma pauperis* in this action. (ECF No. 2).

Because the Court concludes that Plaintiff had at least three "strikes" prior to filing this action and because he was not in imminent danger of serious physical injury at the time he filed it, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

I.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

Pertinent here is the so called "three strikes provision" of 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action . . . under this section
> if the prisoner has, on 3 or more prior occasions, while incarcerated
> or detained in any facility, brought an action or appeal in a court of

the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

## II.   ANALYSIS

### A.   Strikes

Plaintiff filed this action on August 14, 2023. (ECF No. 1). The Court takes judicial notice of the following five district court cases, each of which counts as a "strike":

(1) *Callender v. Dep't of Children & Family Servs.*, No. 2:12-cv-05781-UA-PJW (C.D. Cal.) (dismissed on July 17, 2012 as frivolous, malicious, and for failure to state a claim);

(2) *Callender v. Castillo*, No. 2:12-cv-01708-GEB-EFB (E.D. Cal.) (dismissed on November 4, 2013 for failure to state a claim);

(3) *Callender v. Ramm*, No. 2:17-cv-0271-JAM-AC (E.D. Cal.) (dismissed on January 16, 2019 as duplicative);[1]

---

[1] Dismissal without prejudice counts as a "strike" within the meaning of § 1915(g), so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *O'Neal v. Price*, 531 F.3d 1146, 1154 (9th Cir. 2008). Duplicative action is considered frivolous or malicious under § 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

(4) *Callender v. Schellenberg, et al.*, No. 1:18-cv-01235-DAD-GSA (E.D. Cal.) (dismissed January 31, 2020 for failing to state the claim and then failing to file an amended complaint when given leave to amend);[2]

(5) *Callender v. Beckel, et al.*, No. 2:17-cv-00274-KJM-CKD (E.D. Cal) (dismissed on May 29, 2019 for failing to state a claim and then failing to file an amended complaint when given leave to amend).

The Court also takes judicial notice of the following United States Court of Appeals case, which also counts as a "strike": *Callender v. Castillo*, Case No. 14-15411 (9th Cir.) (dismissed on July 15, 2014 for failure to pay the filing fee, following a denial of in forma pauperis status for filing a frivolous appeal).[3]

Finally, the Court takes judicial notice of *Callender v. Schellenberg*, No. 1:19-cv-00185-DAD-BAM (E.D. Cal.), in which this Court held that Plaintiff is subject to 28 U.S.C. § 1915(g) and denied Plaintiff's application to proceed in forma pauperis. (ECF Nos. 7, 10).

The Court's review of the above records reveals that on at least three occasions, lawsuits filed by Plaintiff have been dismissed on the ground that they were frivolous or malicious or failed to state a claim upon which relief may be granted. Therefore, as in the Court's decision in *Schellenberg*, No. 1:19-cv-00185-DAD-BAM, the Court again finds that Plaintiff is precluded from proceeding in forma pauperis in this action unless he demonstrates he meets the "imminent danger" exception.

---

[2] "[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017); *see also O'Neal v. Price*, 531 F.3d 1146, 1156 (9th Cir. 2008) (dismissal for failure to state a claim and another ground counts as a strike when it is clear from the court's reasoning that it considers failure to state a claim to be a fully sufficient condition to dismiss the action).

[3] *See Harris*, 863 F.3d at 1142 ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.") (citing *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016)) (internal quotations omitted).

### B. Imminent Danger

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

#### 1. Legal Standards

The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, there is a nexus requirement between the danger alleged and the claims asserted: "[t]o qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

#### 2. Plaintiff's Complaint

Plaintiff's complaint sues Sergeant Ghillarduci and seven Correctional Officers (C/O) at California Substance Abuse Treatment Facility (CSATF). (ECF No. 1 at 2–3). Plaintiff asserts six claims.

Plaintiff's first claim alleges that "he was continuously subjected to hostile work environments by the unfair practices of Sgt. Ghillarduci." (*Id.* at 4). Sgt. Ghillarduci would allow other inmates to perform Plaintiff's duty while sergeant informed Plaintiff that he was not needed. (*Id.*) Plaintiff was accused of stealing and being "a lookout man in order to steal." (*Id.*) Because Plaintiff liked his job, he "endured the insulting accusations." (*Id.*) He also alleges that another inmate was allowed to use a fax machine to submit a forged form that removed Plaintiff from his work position. (*Id.*)

Plaintiff's second claim against C/O Hyatt alleges that he has discriminated against Plaintiff and retaliated against him for filing an appeal regarding Hyatt's "supervision over inmates who have created hostile work environment." (*Id.* at 5). C/O Hyatt has been deliberately indifferent to the Plaintiff and harassing him by not enforcing rules against other inmates and allowing several inmates who have not been assigned to porter positions to volunteer. (*Id.*) C/O Hyatt also falsifies cell search data in a Daily Activity Report "where no searches were done in or at those cells." (*Id.*)

Plaintiff's third claim asserts that C/O Hernandez's "behavior violates several laws that protect inmates from correctional officers who don't uphold the law with integrity." (*Id.* at 6). Plaintiff alleges harassment by C/O Hernandez and gives an example that when Plaintiff and another inmate "read a photo sale flyer on the window [they] were harassed by P. Hernandez," but when less than three minutes later another inmate appeared shirtless in the dayroom, C/O Hernandez failed to reprimand him. (*Id.*) When Plaintiff questioned C/O Hernandez as to why he failed to say anything to the shirtless inmate, C/O Hernandez said he didn't notice. (*Id.*) C/O Hernandez "continue[s] to fail to allow inmate porters to properly sanitize" common areas, which "greatly affect[s]" Plaintiff. (*Id.*)

In his fourth claim, Plaintiff alleges that a year before filing the complaint, in August of 2022, he went to e-yard clinic for his broken hand. (*Id.* at 7). While waiting in line, he asked for paper napkins to use a bathroom and was given them. (*Id.*) The second time he asked for napkins, however, C/O Cardenas told him to take the napkins and his electronic device back to his cell and use the toilet there. (*Id.*) Plaintiff alleges that this was abuse of C/O Cardenas's

authority and cruel and unusual punishment because of Plaintiff's broken hand, because his electronic device would not interfere with medical equipment, and because every inmate who entered the e-yard clinic was prioritized over him. (*Id.*) On a previous visit, C/O Cardenas told Plaintiff that he made Plaintiff wait longer because he was black. (*Id.*)

Plaintiff's fifth claim alleges implied bias and discrimination by C/O Sevilla while C/O Hernandez was in close proximity. (*Id.* at 8). Plaintiff describes an incident about a month prior to filing of his complaint when C/O Sevilla informed him that he would be getting a cellmate. (*Id.*) Plaintiff asked who it was and was allowed to talk to him, and "even after [Plaintiff] agreed to allow him to move into [Plaintiff's] cell C/O Sevilla was at [his] cell door stating that [he] was refusing a celly." (*Id.*) Plaintiff states he felt coerced by C/O Sevilla into making a false statement that he refused a cellmate when in fact he did not. He states that C/O Sevilla told him he would be receiving a rule violation. There are five cells where black inmates are housed. (*Id.*) Plaintiff was previously targeted in retaliation with false rules violation reports of denial of cellmates when he did not refuse one. (*Id.*)

The last claim describes an incident that occurred at 9:50 pm (date unknown) where C/O Mendoza ignored Plaintiff's mail that was visible where inmates place their outgoing mail. (*Id.* at 9). C/O Mendoza ignored Plaintiff's attempts to get her attention even as Plaintiff knocked and yelled her name, and continued on her way towards C/O's office. (*Id.*) Once Plaintiff started kicking his door, another C/O came and collected Plaintiff's mail.

Such allegations are insufficient to show that Plaintiff is in imminent danger of serious physical injury under the standards described above. Nothing in the complaint suggests that there is a real and imminent threat to Plaintiff's personal safety: the first two claims do not provide any time frame, and the other claims describe isolated incidents, some of which occurred months prior to filing of the complaint. None of these allegations implicate Plaintiff's personal safety, let alone show ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.

Accordingly, because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

## III. CONCLUSION AND RECOMMENDATIONS

The Court concludes that, under § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis* be denied. (ECF No. 2).
2. Pursuant to 28 U.S.C. § 1915(g), Plaintiff be directed to pay the $405.00 filing fee in full if he wants to proceed with this action.
3. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 10, 2023**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

7