UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ANTHONY CALLENDER,<br><br>Plaintiff,<br><br>v.<br><br>GHILLARDUCI, ET AL.,<br><br>Defendants. | Case No. 1:23-cv-01208-KES-EPG (PC)<br><br>ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S IFP APPLICATION AND TO REQUIRE THAT PLAINTIFF PAY THE $405 FILING FEE IF HE WANTS TO PROCEED WITH THIS ACTION<br><br>Docs. 2, 10 |

Plaintiff Vincent Anthony Callender is a state prisoner proceeding pro se in this civil rights action filed under 42 U.S.C. § 1983 on August 14, 2023. Doc. 1. The same day, Callender also filed an application to proceed *in forma pauperis* ("IFP") in this action. Doc. 2. The court referred the matter to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons stated below, the court adopts in full the findings and recommendations issued by the magistrate judge. Doc. 10.

**I.  BACKGROUND**

The assigned magistrate judge issued findings and recommendations recommending denial of Callender's IFP application because he was subject to the three strikes bar under 28 U.S.C. § 1915(g). Doc. 10. The magistrate judge found that Callender had at least three prior cases dismissed that qualified as strikes. *Id.* at 2–3. The magistrate judge also found that,

1    construing Callender's complaint liberally, his factual assertions did not satisfy the "imminent
2    danger of serious physical injury" exception to section 1915(g).  Doc. 10 at 6.  Accordingly, the
3    magistrate judge recommended that Callender pay the filing fee in full to proceed with his action.
4    *Id.* at 7.

5    The court served Callender with the findings and recommendations on December 11,
6    2023, and notified him that any objections were due within 14 days.  *Id.*  Callender timely filed
7    objections.  Doc. 11.  In his objections, Callender does not dispute that the dismissed cases listed
8    in the findings and recommendations qualify as "strikes" under 28 U.S.C. § 1915(g).  Instead,
9    Callender asserts that (1) he did not consent to the magistrate judge's jurisdiction, and (2) he
10   meets the imminent danger exception to the § 1915(g) bar.  *Id.* at 2–3.

11   **II.    DISCUSSION**

12   **A.    Lack of consent to magistrate judge's jurisdiction**

13   Callender's first objection to the findings and recommendations—that he did not consent
14   to the magistrate judge's jurisdiction—is meritless.  *Tripati v. Rison*, 847 F.2d 548, 549 (9th Cir.
15   1988) (holding that when deciding an IFP motion, "a magistrate can prepare a report and
16   recommendation which, after allowing opportunity for objections, a district judge can review and
17   adopt, *see* 28 U.S.C. § 636(b) . . ."); 28 U.S.C. § 636(b) (magistrate judge shall file proposed
18   findings and recommendations to which a party may file written objections; district judge shall
19   make a de novo determination accepting, rejecting, or modifying the findings or
20   recommendations).  Consistent with 28 U.S.C. § 636(b)(1) and Local Rules 302(c) and 304, the
21   assigned magistrate judge has submitted proposed findings of fact and recommendations for the
22   court's consideration regarding Callender's application for IFP status.  The magistrate judge acted
23   consistent with 28 U.S.C. § 636(b)(1) and Callender's consent was not required.

24   **B.    Imminent Danger of Serious Physical Injury**

25   "[T]o qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must
26   allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct
27   alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir.
28   2022).  The availability of the imminent danger exception "turns on the conditions a prisoner

faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  In his objections, Callender contends that he experienced cruel and unusual punishment in violation of the Eighth Amendment because he "was forced to lock up into his cell during work hours [which] affected and cause[d] infectious diseases to spread and . . . at the time of plaintiff's filing placed plaintiff in imminent danger of physical harm, i.e., serious physical injury." Doc. 11 at 2.  Callender attaches an administrative appeal form as an exhibit, in which he alleged that he and other inmate porters were required to lock up in their cells during normal work hours, resulting in less time to sanitize their common areas and thereby causing unsanitary conditions.  *Id.* at 7

Callender's objection that defendants' actions prevented him and other inmates from spending sufficient time sanitizing common areas, thereby allegedly causing unsanitary conditions, does not establish that Callender was in in imminent danger of serious physical injury at the time he filed the complaint.  *See Andrews*, 493 F.3d at 1057 n.11 ("[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful, when they are supported by implausible or untrue allegations that the ongoing practice has produced past harm.").  Callender has failed to establish that he qualifies for the § 1915(g) imminent danger exception.

**III.    CONCLUSIONS AND ORDER**

In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of this case.  Having carefully reviewed the file, including Callender's objections (Doc. 11), the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED:

1. The Findings and Recommendations issued on December 11, 2023 (Doc. 10) are ADOPTED in full.
2. Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is DENIED;
3. Within 30 days from the date of service of this order, Plaintiff SHALL pay in full the $405.00 filing fee if he wishes to proceed with his action.

4. <u>Plaintiff is advised that failure to pay the required filing fee as ordered will result in the dismissal of this action without prejudice.</u>

IT IS SO ORDERED.

Dated:   August 26, 2024

_____
UNITED STATES DISTRICT JUDGE

4